# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re Denise Kovach, Debtor | ) Chapter No. 7 <br> ) Debtor Case No. 13-15340 <br> ) Judge Arthur I. Harris |
| David Ayers, | ) |
|       Plaintiff, | ) Adversary Case No. _____ |
| v. | ) |
| Denise Kovach, | ) |
|       Defendant. | ) |

## COMPLAINT TO REVOKE DISCHARGE

Plaintiff-Creditor David Ayers, by and through his attorneys, Loevy & Loevy, complains of Defendant-Debtor Denise Kovach, and states as follows:

### Introduction

1. Plaintiff David Ayers spent nearly twelve years behind bars for a murder he did not commit due to the misconduct of City of Cleveland police officers Denise Kovach and Michael Cipo. After DNA and other evidence exonerated Mr. Ayers of the crime and he finally won his release from prison, a unanimous Ohio jury awarded him substantial compensatory damages against Defendant Kovach and Defendant Cipo (the "Judgment Debt").

2. Debtor Kovach had both statutory and contractual claims to indemnification of the Judgment Debt against her employer, the City of Cleveland. Instead of pursuing the indemnification claims, however, Kovach conspired with Cleveland to fraudulently obtain the discharge of the Judgment Debt before this Court by knowingly concealing said property of the bankruptcy estate. Cleveland assisted her to do so by, among other actions, paying for her

1

bankruptcy lawyer and filing fee while simultaneously refusing to provide her with representation to pursue his statutory right to indemnification.

3. Mr. Ayers brings this complaint to revoke the discharge of Kovach's debt and to finally collect the Judgment Debt that he is due.

## Jurisdiction

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Parties

5. Before he was wrongfully arrested and forced to spend nearly twelve years behind bars, Plaintiff David Ayers was a model citizen who worked as a special police officer for the Cuyahoga Metropolitan Housing Authority. He had never been arrested, he took care of his family, and he was a contributing member of society helping to make Cleveland a great city. After securing his release from prison in 2011, he has returned to that role and is currently pursuing a criminal justice degree from Bryan and Stratton College, with the hope that he can improve police practices locally and nationwide.

6. Defendant Denise Kovach was, at the time of the events underlying Mr. Ayers's wrongful conviction, a detective for the Cleveland Police Department. Defendant Kovach is now retired and receives a pension from the Ohio Public Employees Deferred Compensation Program.

## General Allegations

7. Mr. Ayers was convicted of a murder that he did not commit due to the misconduct of Debtor Kovach and another City of Cleveland police officer, Michael Cipo, who is now deceased. No physical evidence or eyewitness accounts tied Mr. Ayers to the crime. To

the contrary, forensic testimony affirmatively excluded him as a suspect. On September 12, 2011, Plaintiff's conviction was overturned on constitutional due process grounds.

8. On March 27, 2012, Plaintiff filed a civil rights complaint in the United States District Court for the Northern District of Ohio, asserting federal and state claims against Debtor Kovach, Cleveland, and other defendants for the harm they inflicted upon him.

9. At Mr. Ayers's civil trial in March 2013, an eleven-person jury heard evidence of Debtor Kovach's misconduct, which included the fabrication of evidence and falsification of testimony. The jury also heard evidence that Mr. Ayers had spent nearly twelve years in prison; that he was tormented daily during that time, both by the unfairness of his incarceration and the brutality he experienced in prison; that he became depressed and developed post-traumatic stress disorder; that he lost friendships, as well as both of his parents, during his long incarceration; that he had to endure ten denied appeals before finally securing the reversal of his conviction; and that he continued to suffer after his release from the trauma of the ordeal.

10. The jury unanimously found that Debtor Kovach had violated Mr. Ayers's federal constitutional rights and awarded him the Judgment Debt in the amount of $13,210,000 in compensatory damages.

11. Debtor Kovach had both statutory and contractual rights to indemnification of the Judgment Debt by her employer, the City of Cleveland. Subsection (A)(2) of Ohio Revised Code § 2744.07 requires political subdivisions such as Cleveland to pay certain compensatory damage judgments entered against their employees. That provision states, in relevant part:

> [A] political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the

time of the act or omission the employee was acting in good faith and within the scope of employment or official responsibilities.

Ohio Revised Code § 2744.07(A)(2).

12. In addition, Cleveland had a contractual obligation to indemnify Debtor Kovach pursuant to the terms of a collective bargaining agreement for non-civilian personnel between Cleveland and members of the Cleveland Police Patrolman's Association.

13. Rather than take responsibility for the harm inflicted upon Mr. Ayers and the jury's assessment of her liability, Defendant Kovach and/or or her attorney – who was paid by Cleveland to manipulate Kovach's bankruptcy – fraudulently sought to avoid payment of the Judgment Debt.

14. On July 29, 2013, Debtor Kovach filed a voluntary petition for Chapter 7 bankruptcy protection. *See* Exhibit A (Bankruptcy Case Dkt. No. 1). Mr. Ayers was virtually the only, and by far, Debtor Kovach's most significant creditor, and was owed $13,210,000 of Debtor Kovach's $13,222,159.59 in liabilities. *See* Exhibit A, at 19-20.

15. Cleveland helped to orchestrate Defendant Kovach's bankruptcy filing, by securing for her a bankruptcy attorney, David Leneghan, paying for Mr. Leneghan's services, and even paying Kovach's bankruptcy filing fee. *See* Exhibit A, at 43. Cleveland's lawyers also expressly declined to provide Defendant Kovach with representation to enforce the indemnification obligation.

16. The bankruptcy attorney Cleveland procured for Kovach, David Leneghan, was an auspicious choice by Cleveland to arrange Kovach's fraudulent bankruptcy. Leneghan had previously been adjudicated liable by a jury in 2005 for building into a loan agreement a provision stating that in the case of default, the client's ownership stake in her company would be transferred to Leneghan's *father*. The jury awarded $6 million in damages. *See, e.g.*, N.Y.

Attorney Malpractice Blog, Nov. 7, 2005, available at http:/ /blog.bluestonelawfmn.com/legal-malpractice-news-6-million-legal-malpracticeverdict.html.

17. Pursuant to the petition, Debtor Kovach's judgment debt to Mr. Ayers was discharged on November 6, 2013. *See* Bankruptcy Case Dkt. No. 15. All of Debtor Kovach's disclosed assets were deemed exempt from collection on behalf of her creditors, and her bankruptcy case was closed on November 12, 2013. *See* Bankruptcy Case Dkt. No. 17.

17. The discharge was obtained through fraud as follows: Although Kovach and/or the attorney Cleveland hired to take her through bankruptcy knew of her statutory and contractual indemnification claims, they knowingly and fraudulently failed to report such property to the trustee or to deliver the same in her bankruptcy petition. *See, e.g.*, Exhibit A, at 12-13 (fraudulently representing that Kovach had no "[c]ontingent or unliquidated claims of [any] nature" and "[o]ther personal property of any kind not already listed").

18. The discharge would not have been granted but for the fraudulent misrepresentation that Defendant Kovach did not have any indemnification claims.

19. Plaintiff and his counsel did not receive Notice of 341 Creditors' Meeting regarding a bankruptcy petition filed by Denise Kovach. Although the Notice of Mailing states that two copies of that notice were mailed to Plaintiff's counsel, these notices were not delivered to their intended address. *See* Exhibit B (affidavit of Russell Ainsworth); Exhibit C (affidavit of Lisa Avila).

20. Had Mr. Ayers received proper notice, he certainly would have appeared at the creditors' meeting and objected to discharge on grounds including that Ms. Kovach had concealed her statutory and contractual rights to indemnification from the trustee.

21. The discharge should be vacated because it resulted from Kovach, Leneghan, and Cleveland's fraudulent conduct, as prohibited by 11 U.S.C. § 727(d), 11 U.S.C. § 1144, and 11 U.S.C. § 523(a), and for the further reason that it was procured without due notice to Creditor Ayers.

22. A motion to reopen Debtor Kovach's bankruptcy case for cause and to administer undisclosed assets has been filed contemporaneously with this Complaint. The Relief sought is proper under either or both. Additionally, Mr. Ayers has contemporaneously filed a state court complaint seeking indemnification of the Judgment Debt and asserting other claims against Denise Kovach, the City of Cleveland, and others arising from their misconduct.

WHEREFORE, Mr. Ayers respectfully requests an order revoking said discharge, and such other relief as equity may require.

Dated: November 4, 2014

RESPECTFULLY SUBMITTED,

/s/ Russell Ainsworth
Attorneys for Creditor

Arthur Loevy
Jon Loevy
Russell Ainsworth
Rachel Steinbeck
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
(312) 243-5900