IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | | |
|---|---|---|---|
| In Re: DENISE KOVACH | ) | CASE NO. | 13-15340 |
| | ) | | |
| Debtor | ) | Chapter | 7 |
| | ) | | |
| | ) | JUDGE: | Arthur I. Harris |

### DEBTOR'S MOTION TO SHOW CAUSE, MOTION FOR CIVIL CONTEMPT, MOTION FOR SANCTIONS

Debtor, Denise Kovach, hereby moves this Court for an Order to Show Cause, Civil Contempt, and for Sanctions for violations of this Court's permanent discharge injunction in connection with her bankruptcy discharge. This motion is brought against Anthony Lemons, David B. Malik, Sara Gedeon, and Kevin Spellacy for their willful violations of 11 U.S.C. 524.

### JURISDICTION

Jurisdiction exists under 28 U.S.C. 1334 and 28 U.S.C. 157(a).

This is a core proceeding under 28 U.S.C. 157(b)(2). *In re Price*, 383 B.R. 411, 413 (Bankr. N.D. Ohio 2007)

Creditor's motion is brought pursuant to 11 U.S.C. 524(a) and Bankr. R. 9020, 9014.

### INTRODUCTION

1. On July 29, 2013, Debtor, Denise Kovach, filed a petition under Chapter 7 of the Bankruptcy Code. (Docket #1)

1

2. On September 3, 2013, pursuant to 11 U.S.C. § 341, the meeting of the creditors was held.

3. On September 4, 2013, the Trustee filed what is known as a "no asset" report. (Docket # 6)

4. On November 6, 2013, Debtor was granted a discharge. (Docket # 15)

5. On November 12, 2013, Debtor's case was closed because the Court found the bankruptcy estate had been fully administered. (Docket #17)

6. Debtor's case was reopened for a limited unrelated purpose.

7. Debtor did not list or schedule any purported debt allegedly owed to Anthony Lemons.

8. Despite Anthony Lemons ("Lemons") not being listed as Debtor's creditor, to whom any debt was owed, the debt was discharged as this case is a "no asset" case.

## BACKGROUND

9. On December 12, 2014, more than one year after bankruptcy discharge, Lemons, by and through his counsel David Malik, Sarah Gedeon and Kevin Spellacy ("Lemons' Counsel"; Lemons and Lemons' Counsel" referred to collectively as the "Lemons Group"), filed a three count civil lawsuit against Debtor in the Cuyahoga County Court of Common Pleas (the "State Court") at Case No. CV-14-837319 for misrepresentation, negligence, and intentional infliction of emotional harm (the "State Complaint" a copy of which is attached hereto as Exhibit A).

10. On December 16, 2014, at the direction of Lemons and Lemons' Counsel, service of a summons and the State Complaint was attempted upon Debtor at her former employer

through Federal Express.  (*See*, the State Court Docket attached hereto and incorporated herein as Exhibit B).

11. The December 16, 2014 service was ineffective because you cannot serve a summons and an Ohio complaint upon a defendant at the defendant's former place of employment.

12. On December 31, 2014, Debtor, by and through her counsel, notified Lemons via a letter to Lemons' Counsel, of Debtor's bankruptcy discharge, which enclosed a copy of the discharge, and notified and explained to them the bankruptcy discharge injunction, warned them of taking any action that would violate the bankruptcy discharge injunction, and asked them to cease and desist any action to collect against Debtor ("Notice Letter" a copy of which is attached as Exhibit C).

13. The Notice Letter was sent via regular U.S. postage prepaid and it was not returned undeliverable.

14. The Notice Letter was sent with the hope and express desire to avoid a civil contempt proceeding for violating the discharge injunction and to permit the Debtor to continue with the "fresh start" that bankruptcy affords a debtor, however, unfortunately, the permanent injunction remains thwarted and unheeded by the Lemons group.

15. Each member of the Lemons Group was aware of and had knowledge of Debtor's bankruptcy discharge between the end of December 2014 and the middle of January 2015, and certainly prior to January 29, 2015.

16. On January 29, 2015, despite sending the Lemons Group the Notice Letter which provided each member of the Lemons Group with actual knowledge of Debtor's bankruptcy discharge prior to January 29, 2015, the Lemons Group prepared and filed a praecipe for

3

personal service of the State Complaint on Denise Kovach (the "Personal Service Summons," a copy of which is attached as Exhibit D).

17. Prior to preparation and issuance of the Personal Service Summons, the Lemons Group had actual knowledge of Debtor's Bankruptcy discharge.

18. On February 5, 2015, Gerard Mosback, at the direction of the Lemons Group and particularly Sarah Gedeon as identified on the praecipe for service attached hereto as Exhibit D, personally served Debtor a copy of the summons and State Complaint. (See, Exhibit E, completed service certificate, attached hereto and incorporated herein by reference.)

19. Receipt of the State Complaint has caused Debtor extreme emotional distress.

20. Debtor has also incurred other significant noneconomic damages resulting from the State Complaint in the form of anxiety, frustration, aggravation, humiliation, loss of privacy, loss of time and inconvenience, and loss of enjoyment of the value of life.

21. Debtor has also suffered damages as a result of the filing of the State Complaint.

22. The Lemon Groups' actions have caused Debtor to expend unwarranted and unnecessary time, effort, and expense, including incurring attorney fees and costs, in seeking to enforce her rights guaranteed by the Bankruptcy Code.

23. Despite due demand to halt all efforts to collect against Debtor, the Lemons Group knowingly, intentionally, and willfully refuse and ignore the permanent discharge injunction ordered in Debtor's favor and attempt to collect debts that were discharged by law.

24. Despite due demand, the Lemons Group refuses to dismiss the State Complaint against Debtor.

4

## LAW & ANALYSIS

25. This Case does not need to be reopened to afford Debtor the relief to which she seeks. *In re Menk* 241 B.R. 896 ¶18, ¶47 (9th Cir. BAP 1999), citing *Koehler v. Grant*, 213 B.R. 567, 569 (B.A.P. 8th. Cir. 1997) (stating it is well-established that courts retain jurisdiction to enforce their own orders," even after the bankruptcy court has closed the case); *See also, In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990); *In re Walker* 257 B.R. 493 (Bankr. N.D. Ohio 2001).

26. The proper way of bringing an action for a violation of the 524(a)(2) discharge injunction is a civil contempt motion. *In Re Motichko*, 395 B.R. 25, 32 (Bankr. N.D. Ohio 2008) (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 21 (6th Cir. 2000) (stating "the obvious purpose is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit . . ..").

27. 11 U.S.C. 524(a)(2) "operates as an injunction against the commencement or continuance of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor. 11 U.S.C. 5214(a)(2).

28. In order to establish a violation of the discharge injunction, Debtor must prove that: 1) she received a discharge; 2) that the Lemons Group had notice of the discharge; and 3) that the Lemon Group intended the acts that violated the discharge injunction. *In re Motichko* at 31.

29. Debtor received a discharge on November 12, 2013 (the "Discharge Order" a copy of which is attached as Exhibit F, and incorporated by reference as if fully restated at length).

5

30. Count Two of the State Complaint, Negligence, was discharged by the Discharge Order.

31. The other two Counts of the State Complaint were similarly discharged by the Discharge Order.

32. Each member of the Lemons group was aware of and had actual notice of the Discharge Order prior to January 29, 2015 via the December 31, 2014 Notice Letter.

33. "A willful violation occurs when the creditor deliberately acted with [actual] knowledge of the bankruptcy case." *In re Martin*, 474 B.R. 789, *6 (B.A.P. 6th Cir. 2012) (internal citations omitted).

34. "A willful violation [of § 524(a)] does not require any specific intent. Rather, the question is simply whether, having knowledge of the ... discharge injunction, the creditor's actions were intentional." *Id.* (internal citations omitted).

35. A creditor's mistaken belief that its actions were lawful or did not violate § 524(a) is not a defense to a contempt action. *Id.* (citing to *In Re McCool*, 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010) ("[A] willful violation of the ... discharge injunction may still exist even though the creditor believed in good faith that its actions were lawful.").

36. Despite being armed with the knowledge of the issuance of the Discharge Order, and with full knowledge of the ramifications of a violation of the discharge injunction, the Lemons Group deliberately and intentionally took action to pursue collection against Debtor.

37. The actions of the Lemons Group are deliberate and willful and a violation of the discharge injunction.

38. The Lemons Group has acted with blatant disregard to court rules and procedures.

6

39. In this case, the actions of the Lemons Group are clear, unequivocal, convincing, and a continuing violation of the discharge injunction - the Lemons Groups had knowledge of the bankruptcy discharge and continue to violate the discharge injunction, refuse to dismiss the State Complaint, and despite receiving the Notice Letter from Debtor's counsel, ignore the Bankruptcy Rules.

40. A violation of the discharge injunction is punished by contempt of court.

41. "11 U.S.C. § 105(a) authorizes the issuance of any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. As a transgression against the court, broad discretion is invested in the court in selecting an appropriate sanction. The modern trend in civil contempt proceedings is for courts to award actual damages for violations of § 524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees. *In re Motichko* at 30 (internal quotations and citations omitted.

42. The Lemons Group is in civil contempt.

### DAMAGES & RELIEF

43. This Court has the power to conduct civil contempt proceedings and issue an order in accordance with those proceedings pursuant to section 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9020 and 9014.

44. The enforcement of the discharge injunction is a core matter over which this Court has jurisdiction to enter a final order.

45. Debtor requests the Court issue an Order to show cause and to hold in contempt the Lemons Group for violating the discharge injunction applicable to Debtor.

46. The Debtor requests this Court enter an Order which provides that the Lemons Group may cure this civil contempt by immediately dismissing Debtor Denise Kovach from the State Court Action within seven days of issuance of the Order.

47. The Debtor requests that if the Lemons Group fails to cure within seven days of its order as mentioned in the previous paragraph, that daily penalties and monetary sanctions issue against them, jointly and severally.

48. The Debtor requests sanctions against the Lemons Group, jointly and severally, for Debtor to recover her costs including her reasonable attorney fees incurred in connection with bringing this motion and pay all costs associated with this motion. The Lemons Group is in contempt and should be brought to bear the consequences of that contempt by reimbursing the Debtor's costs and attorney fees incurred in connection with this motion.

49. The Debtor requests an award of punitive damages.

50. The Debtor requests this Court issue an Order assessing appropriate sanctions as this Court deems just, fair and equitable.

Respectfully submitted,

*/s/ David M. Leneghan*
David M. Leneghan, Esq. (0062025)
200 Treeworth Blvd., Suite 200
Broadview Heights, Ohio 44147
(440) 223-4260  Fax (440) 838-4260
leneghanlaw@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2015, a true and correct copy of the above motion was served:

Via the court's electronic Case Filing System on these individuals who are listed on the court's electronic Mail Notice List:

    Sheldon Stein, Trustee, at ssteindocs@gmail.com, sstein@ecf.epiqsystems.com, sstein@epiqtrustee.com, Sheldon@steintrustee.com

    Russell Ainsworth, on behalf of Creditor David Wayne Ayers, at Russell@loevy.com

And by regular U.S. mail, postage prepaid, on:

    David Malik, 8437 Mayfield Road, Suite 101, Chesterland, Ohio 44026-2538

    Sarah Gedeon, 8437 Mayfield Road, Suite 101, Chesterland, Ohio 44026-2538

    Kevin M. Spellacy, McGinty, Hilow & Spellacy Co., LPA, The Rockefeller Building, Suite 1300, 614 West Superior Avenue, Cleveland, Ohio 44113

    Anthony Lemons, c/o David Malik, his attorney, 8437 Mayfield Road, Suite 101, Chesterland, Ohio 44026-2538

                                              */s/ David M. Leneghan*
                                             David M. Leneghan, Esq. (0062025)